IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA E. PANTOJA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-3442 |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Maria E. Pantoja ("Plaintiff"), sued defendant JPMorgan Chase Bank, N.A. ("Defendant") in the 164th Judicial District Court of Harris County, Texas.[1] Defendant timely removed the action to this court.[2] Pending before the court is Defendant's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim ("Motion to Dismiss") (Docket Entry No. 5). For the reasons stated below, the Motion to Dismiss will be granted, and this action will be dismissed with prejudice.

### I. Factual Allegations and Procedural Background

Plaintiff's Original Petition alleges that she and her ex-husband, Ascencion Zarate, owned the real property located at 7801

---

[1]See Plaintiff's Original Petition and Request for Temporary Restraining Order ("Original Petition"), Exhibit A-3 to Defendant's Notice of Removal, Docket Entry No. 1-2, p. 9. All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

[2]See Defendant's Notice of Removal, Docket Entry No. 1.

Pecan Villas Drive, Houston, Texas 77061 ("the Property") under a warranty deed. They financed the home through loans from New Century Mortgage Corporation. The loans were transferred to Defendant in 2006. On September 26, 2006, the loans were refinanced into a single loan in the amount of $137,748.72. Both Plaintiff and Zarate signed the deed of trust, but only Zarate signed the promissory note that named him "Borrower."[3]

By 2019 Plaintiff and Zarate had failed to pay property taxes on the Property for the past two years. In February of 2019 Defendant exercised its right under the deed of trust to pay the taxes on the property and demand reimbursement from the owners.[4] Defendant demanded immediate payment of the full amount of taxes paid plus expenses incurred for a total of $4,414.82. Plaintiff offered a partial payment and sought to negotiate a payment plan, but Defendant insisted on immediate repayment as provided by the terms of the deed of trust. When Plaintiff and Zarate did not timely pay, Defendant exercised its right under the deed of trust to declare a default for failure to pay taxes.[5] Pursuant to the default, Defendant accelerated the entire amount owed under the note and took steps to begin foreclosure proceedings.[6]

---

[3]Deed of Trust, Exhibit A-3 to Defendant's Notice of Removal, Docket Entry No. 1-2, pp. 33, 38; Promissory Note, Exhibit A to Defendant's Motion to Dismiss, Docket Entry No. 5-1, pp. 2-3.

[4]Deed of Trust, Exhibit A-3 to Defendant's Notice of Removal, Docket Entry No. 1-2, p. 34.

[5]Id. at 35.

[6]Id. at 36.

On August 29, 2019, Plaintiff brought an action in state district court seeking an injunction to halt foreclosure proceedings and alleging claims of breach of contract, negligence per se, unreasonable debt collection efforts under Texas common law, the Texas Debt Collection Act, and the Texas Deceptive Trade Practices Act.[7] On September 12, 2019, Defendant removed the action to this court alleging diversity jurisdiction under 28 U.S.C. § 1441.[8] On September 23, 2019, Defendant moved to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).[9] Plaintiff has not filed a response to Defendant's Motion to Dismiss. Each claim in Plaintiff's Original Petition will be analyzed under the standard of review set forth below.

## II. Standard of Review

Under the Federal Rules of Civil Procedure a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff's pleading must provide the grounds of his entitlement to relief and "a formulaic recitation of the elements of a cause of action will not do. . . ." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). "'[N]aked assertion[s]' devoid of

---

[7]Original Petition, Exhibit A-3 to Defendant's Notice of Removal, Docket Entry No. 1-2, pp. 9, 12-21.

[8]Defendant's Notice of Removal, Docket Entry No. 1, p. 2.

[9]Motion to Dismiss, Docket Entry No. 5, p. 6.

-3-

'further factual enhancement'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Fernandez-Montes v. Allied Pilots Association, 987 F.2d 278, 284 (5th Cir. 1993). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom. Cloud v. United States, 122 S. Ct. 2665 (2002). To defeat a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974. The court does not "strain to find inferences favorable to the plaintiffs" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." Southland Securities Corp. v. INSpire Ins. Solutions, Inc., 365 F.3d 353, 361 (5th Cir. 2004) (internal quotation marks and citations omitted). "[C]ourts are required to dismiss, pursuant to [Rule 12(b)(6)], claims based on invalid legal theories, even though they may be otherwise well-pleaded." Flynn v. State Farm Fire and Casualty Insurance Co.

(Texas), 605 F. Supp. 2d 811, 820 (W.D. Tex. 2009) (citing Neitzke v. Williams, 109 S. Ct. 1827, 1832 (1989)).

In ruling on a Rule 12(b)(6) motion the court must "accept the plaintiff's well-pleaded facts as true and view them in the light most favorable to the plaintiff." Chauvin v. State Farm Fire & Casualty Co., 495 F.3d 232, 237 (5th Cir. 2007). Review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claims and referred to by the complaint. Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010).

### III. Analysis

**A. Breach of Contract**

Plaintiff alleges Defendant breached the parties' contract by refusing to accept her partial payment for the delinquent taxes, failing to provide a reasonable right to cure, and failing to provide notice of default prior to acceleration in 2016.[10] Defendant argues this claim must be dismissed because the facts pled by Plaintiff do not show a violation of the contract's terms. To determine if Plaintiff has stated a valid claim, the court may consider both the deed of trust attached to Plaintiff's Original Petition and the promissory note attached to Defendant's Motion to Dismiss. Lone Star Fund V (U.S.), 594 F.3d at 387.

---

[10]Original Petition, Exhibit A-3 to Defendant's Notice of Removal, Docket Entry No. 1-2, pp. 12-13.

Plaintiff must plead facts showing that Defendant failed to act in accordance with the agreement in order to state a claim for breach of contract. Henry v. Masson, 333 S.W.3d 825, 835 (Tex. App.— Houston [1st Dist.] 2010, no pet.). Plaintiff must identify the specific provision of the contract that the Defendant allegedly breached. Baker v. Great Northern Energy, Inc., 64 F. Supp. 3d 965, 971 (N.D. Tex. 2014). The deed of trust obligates the Plaintiff and Zarate to timely pay all taxes levied on the property.[11] It states that the Defendant may hold the Plaintiff and Zarate in default for failure "to make any payment for taxes."[12] Default may be avoided if the issue is cured within fifteen days of receiving notice of the failure precipitating default.[13] Once in default, the lender may demand the entire amount of indebtedness due.[14] Contrary to Plaintiff's allegations, the deed of trust contains no provision specifying the manner, timing, or necessary recipient of any notice the lender may be obligated to send under Texas law.[15]

---

[11] Deed of Trust, Exhibit A-3 to Defendant's Notice of Removal, Docket Entry No. 1-2, p. 34.

[12] Id. at 35.

[13] Id.

[14] Id. at 36.

[15] The Original Petition cites "Provision 22. Acceleration Remedies," Docket Entry No. 1-2, p. 12 n.2, but the provisions in the deed of trust are not numbered and there is no section titled "Acceleration Remedies."

The Original Petition states that Plaintiff fell into arrears for failure to pay taxes, and Plaintiff did not fully reimburse Defendant for those unpaid taxes when asked to do so.[16] Under the plain terms of the contract Defendant was therefore within its rights to declare a default and accelerate the loan. Plaintiff does not allege Defendant gave less than the contractually provided fifteen days to cure. Plaintiff points to no provision that required Defendant to accept partial payment of the taxes or send her notice of default or acceleration. Because Plaintiff has not identified any provision in the contract that Defendant's conduct allegedly breached, her breach of contract claim fails as a matter of law. Baker, 64 F. Supp. 3d at 971.

**B. Negligence Per Se**

Plaintiff asserts a claim in negligence per se for Defendant's alleged violation of section 51.002 of the Texas Property Code. "The unexcused violation of a statute or ordinance constitutes negligence as a matter of law if such statute or ordinance was designed to prevent injury to the class of persons to which the injured party belongs." Nixon v. Mr. Property Management Co., Inc., 690 S.W.2d 546, 549 (Tex. 1985). To sustain her negligence per se claim Plaintiff must plead facts that would demonstrate Defendant violated the statute. Kennedy v. HSBC Mortgage Services,

---

[16]Original Petition, Exhibit A-3 to Defendant's Notice of Removal, Docket Entry No. 1-2, p. 11 ¶¶ 9, 11.

Inc., Civil No. SA-14-CA-1083-FB, 2015 WL 12734178, at *7 (W.D. Tex. January 30, 2015).

Under the Texas Property Code "the mortgage servicer of the debt shall serve a debtor in default . . . with written notice by certified mail stating that the debtor is in default" and "giv[e] the debtor at least 20 days to cure the default." Tex. Prop. Code § 51.002(d). The "debtor" who must be provided notice is the borrower on the promissory note; a spouse who signs the deed of trust but not the promissory note is not a "borrower" or "debtor" entitled to notice under the statute. Robinson v. Wells Fargo Bank, N.A., 576 F. App'x 358, 361 (5th Cir. 2014). After such notice and twenty days have elapsed, the servicer must provide notice of sale at least twenty-one days before the foreclosure sale. Tex. Prop. Code § 51.002(b).

Here, Plaintiff signed only the deed of trust; Zarate is the only signor on the promissory note.[17] Plaintiff is therefore not a "debtor" under the statute. Robinson, 576 F. App'x at 361. Defendant cannot have violated the statute by failing to provide Plaintiff notice, which is the basis of Plaintiff's claim.[18] Plaintiff also fails to allege when Defendant provided notice of sale or whether Defendant held a foreclosure sale at all. Without

---

[17]Promissory Note, Exhibit A to Motion to Dismiss, Docket Entry No. 5-1, p. 2.

[18]Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-2, p. 15 ¶ 22.

-8-

such facts Plaintiff cannot establish a plausible claim that Defendant violated section 51.002. The claim accordingly fails as a matter of law.

C.  **Texas Debt Collection Act**

Plaintiff alleges that Defendant violated the Texas Debt Collection Act. Defendant argues that the only specific conduct alleged by Plaintiff was lawful and the remainder of Plaintiff's allegations are vague and conclusory. The Texas Debt Collection Act provides a cause of action against creditors and debt collectors who engage in prohibited conduct to collect debts. Tex. Civ. Prac. & Rem. Code § 392.403. Prohibited conduct includes threatening to take action prohibited by law, harassing and abusing the debtor, resorting to unfair or unconscionable means in collecting the debt, and misrepresenting the character, extent, or amount of debt. Tex. Fin. Code §§ 392.301-.304. But the Debt Collection Act authorizes creditors to threaten to exercise statutory or contractual rights, and foreclosure is not an act prohibited by law. Tex. Fin. Code § 392.301; Rucker v. Bank of America, N.A., 806 F.3d 828, 831 (5th Cir. 2015).

As explained above, Plaintiff has not pled facts that would establish that Defendant acted or threatened to act unlawfully pursuant to either the parties' contract or Texas law. Accordingly, Plaintiff cannot sustain an unfair debt collection claim based on Defendant's exercise of its rights under the

contract. Plaintiff's Original Petition cites Texas cases in which Debt Collection Act claims succeeded where the defendant foreclosed without providing proper notice. See, e.g., Rey v. Acosta, 860 S.W.2d 654, 659 (Tex. App.—El Paso 1993, no writ); Dixon v. Brooks, 604 S.W.2d 330, 334 (Tex. App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). But as explained above, Plaintiff has not pled facts that would establish Defendant unlawfully failed to provide notice.

Plaintiff also alleges that Defendant failed to provide her with a payment history and explanation of costs incurred, and generally took advantage of her and stalled her efforts to cure.[19] The allegations do not identify any actual conduct by the Defendant or how it constitutes a violation of the Debt Collection Act. Naked, conclusory assertions do not suffice to state a valid claim for which relief may be granted. Iqbal, 129 S. Ct. at 1949. While the pleading standard under Twombly and Iqbal do not require detailed factual allegations, Plaintiff's Original Petition does not set out a plausible basis for Defendant's alleged liability. Plaintiff's claim accordingly fails as a matter of law.

D. **Unreasonable Collection Efforts**

Plaintiff alleges a claim for the common-law tort of unreasonable collection efforts. A claim for unreasonable

---

[19]Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-2, p. 16 ¶¶ 26-27.

collection efforts must show the defendant engaged in a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm. DeFranceschi v. Wells Fargo Bank, N.A., 837 F. Supp. 2d 616, 624 (N.D. Tex. 2011); EMC Mortgage Corp. v. Jones, 252 S.W.3d 857, 868-870 (Tex. App.—Dallas 2008, no pet.). The facts Plaintiff alleges to support this claim are that Defendant refused to work with her to reform their agreement or create a payment plan, added additional fees to the balance for her continued failure to pay, refused to provide plaintiff with a history of payments, and moved to foreclose on the Property.[20] These facts, taken as true, do not suffice to establish a willful, wanton, and malicious course of harassment intended to inflict harm on the Plaintiff. Plaintiff's claim therefore fails as a matter of law.

E. **Deceptive Trade Practices Act**

Plaintiff claims the Defendant violated the Texas Deceptive Trade Practices Act ("DTPA") by failing to respond to Plaintiff's calls, changing the person in charge of the loan, failing to send notices, and representing the contract to contain rights, remedies or obligations that it does not contain or that are prohibited by law.[21] Defendant argues that Plaintiff's DTPA claim fails because

---

[20] Id. at 16-17 ¶¶ 29-30.

[21] Id. at 19 ¶ 35.

a recipient of loan money or credit is not a "consumer" under the statute.

Only a "consumer" may maintain an action under the DTPA. See Tex. Bus. & Com. Code § 17.50 ("A consumer may maintain an action . . . ."); Cameron v. Terrell & Garrett, Inc., 618 S.W.2d 535, 538 (Tex. 1981). The statute defines "consumer," and part of the definition is the consumer "seeks or acquires by purchase or lease, goods or services." Tex. Bus. & Com. Code § 17.45(4). "Goods" are "tangible chattels or real property" and "services" are "work, labor or service." Id. §§ 17.5(1), (2). The goods or services must form the basis of the consumer's DTPA complaint. Cameron, 618 S.W.2d at 539. Texas courts and the Fifth Circuit have held that a money loan is neither goods nor services under the DTPA. E.g., James v. Wells Fargo Bank, N.A., 533 F. App'x 444, 447 (5th Cir. 2013); Riverside National Bank v. Lewis, 603 S.W.2d 169, 174–75 (Tex. 1980). Even if money was borrowed to purchase chattel or real property, the borrower whose complaint arises from the loan and not the purchased goods does not qualify as a DTPA consumer. Central Texas Hardware, Inc. v. First City, Texas-Bryan, N.A., 810 S.W.2d 234, 236-37 (Tex. App.—Houston [14th Dist.] 1991, writ denied) (citing Cameron, 618 S.W.2d at 539). And a refinance of loans attached to an already-purchased good does not qualify as a DTPA good or service. Fix v. Flagstar Bank, FSB, 242 S.W.3d 147, 160 (Tex. App.—Fort Worth 2007, pet. denied).

Here, Plaintiff's DTPA complaint arises entirely out of the refinance loan provided by Defendant.[22] Plaintiff's contention that the loan is sufficiently intertwined with the purchase of the Property to qualify fails because her complaint arises solely from the money loan. Because the refinance loan is not a good or service, Plaintiff is not a consumer under the DTPA and her claim fails as a matter of law.

**F.  Request for Injunctive Relief**

Plaintiff has requested injunctive relief against the Defendant. "Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action." Cook v. Wells Fargo Bank, N.A., Civil Action No. 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010); Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002). Because Plaintiff has failed to state a claim upon which relief can be granted, she is not entitled to injunctive relief.

## IV.  Conclusions and Order

For the reasons discussed above, Plaintiff has failed to state in her Original Complaint any claims upon which relief can be granted. Plaintiff has not appeared, requested leave to amend, or provided the court with any reason to believe amending her

---

[22]Original Petition, Exhibit A-3 to Defendant's Notice of Removal, Docket Entry No. 1-2, pp. 10-11 ¶ 8; 18 ¶ 33-34.

pleadings would cure the deficiency. Defendant's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim (Docket Entry No. 5) is therefore **GRANTED**, and this action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this 23rd day of October, 2019.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE